**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x    **08 CIV 7045**

TAMMY GREGORY and SEAN McKENNA,

                Plaintiff,                  **Civil Action No.:**

        -against-

HD DEVELOPMENT OF MARYLAND, INC.,      **PETITION FOR**
                                                          **REMOVAL**

                Defendant.

------------------------------------------------------------------x

TO:    Calano & Culhane, LLP.
        Attorneys for Plaintiff
        370 Lexington Avenue, Suite 1200
        New York, New York 10017

       Defendant HD Development of Maryland, Inc., by and through its attorneys,

Donovan Hatem, LLP. respectfully states:

       1.     The defendant HD Development of Maryland, Inc., is named in an action

filed in the New York Supreme Court, Westchester County, bearing index No. 14811/08

entitled Tammy Gregory and Sean McKenna  v. HD Development of Maryland, Inc.

       2.     The Summons and Complaint was served upon HD Development of

Maryland, Inc. via service upon Corporation Service Company on or about July 17, 2008.

       3.     According to the Complaint, plaintiff is a resident of Westchester, New

York.

       4.     Defendant HD Development of Maryland, Inc., was, and still is a foreign

corporation, with its principle offices located at 2455 Paces Ferry Road, N.W. Atlanta,

Georgia 30339.

5.    This action may be removed to this Court pursuant to 28 U.S.C. Section 1332, because there is diversity of citizenship between the parties and the amount in controversy is claimed to be in excess of $75,000.00.

6.    Pursuant to 28 U.S.C., Section 1445(a), a copy of all pleadings served upon the defendant are attached hereto as Exhibit "A".

**WHEREFORE**, defendant requests that the action described in Paragraph "1" filed against it in the Supreme Court, State of New York, Westchester County, be removed therefrom to this Court.

Dated: New York, New York
       August 7, 2008

Respectfully Submitted,

DONOVAN HATEM LLP

David M. Pollack (DMP 6143)
Herald Square Building
1350 Broadway, Suite 2100
New York, New York 10018
(212) 244-3333
*Attorneys for Defendant*
*HD Development of Maryland, Inc.*

To:    Calano & Culhane, LLP.
       Attorneys for Plaintiff
       370 Lexington Avenue, Suite 1200
       New York, New York 10017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

                                                            ────────────────x

TAMMY GREGORY and SEAN McKENNA,

                                    Plaintiffs,

                    -against-

HD DEVELOPMENT OF MARYLAND, INC.

                                    Defendant.

                                                            ────────────────x

INDEX NO: 14811/08
Filed: 7/2/08

Plaintiffs designate
Westchester County
as the place of trial.

The basis of venue is
Plaintiffs' Residence
**SUMMONS**
Plaintiffs' Residence is
9 John Street, Apt. 1-E
New Rochelle, N.Y. 10805



To the above named Defendant:

    **YOU ARE HEREBY SUMMONED,** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a Notice of Appearance, on the plaintiff's attorneys within twenty (20) days after
service of this summons, exclusive of the day of service (or within thirty (30) days after
the service is complete if this summons is not personally delivered to you within the
State of New York); and in case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded herein.

Dated:  New York, New York
        June 11, 1008

By: THOMAS A. CULHANE, ESQ.
CALANO & CULHANE, LLP
Attorneys for the Plaintiffs
370 Lexington Avenue, Suite 1200
New York, New York 10017
Tel. No: (212) 685-3500

Defendant(s) Address:

HD DEVELOPMENT OF MARYLAND, INC.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

**RECEIVED**

JUL 2 – 2008

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
————————————————————————x

TAMMY GREGORY and SEAN McKENNA,

Plaintiffs,

-against-

HD DEVELOPMENT OF MARYLAND, INC.,

Defendant.
————————————————————————x

**VERIFIED**
**COMPLAINT**

Plaintiffs, by their attorneys, CALANO & CULHANE, LLP,
complaining of the defendant, allege upon information and belief, as
follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.     That at all times hereinafter mentioned, the plaintiffs were
residents of the County of Westchester, City of New Rochelle and State
of New York.

2.     That at all times hereinafter mentioned, the defendant, HD
DEVELOPMENT OF MARYLAND, INC., (hereinafter referred to as
"HD") was a foreign business corporation organized and existing
pursuant to the laws of the State of New York.

3.     That at all times hereinafter mentioned, the defendant, "HD",
was the owner of premises commonly known as 55 Weyman Avenue,
New Rochelle, New York.

RECEIVED
JUL 2 – 2008
TIMOTHY C. IDONI
COUNTY OF WESTCHESTER

1

4.    That at all times hereinafter mentioned, the defendant, "HD", was in possession and control of the aforementioned premises and, the parking lot of the Home Depot USA, Inc., located at 55 Weyman Avenue, New Rochelle, New York 10805 and, more particularly, at the parking lot entrance located adjacent to John Street and, more specifically, at the first right hand turn into the parking lot where an accumulation of snow and ice was permitted to be gathered which melted and froze causing a dangerous and defective condition to exist.

5.    That at all times hereinafter mentioned, the defendant, "HD", operated and maintained the aforementioned premises and, more specifically, the parking lot entrance at said premises.

6.    That at all times hereinafter mentioned, the defendant, "HD", hired and employed agents, servants and/or employees to maintain the aforementioned premises.

7.    That on December 16, 2007 at approximately 9:30 A.M., while the plaintiff, TAMMY GREGORY, was lawfully walking in the parking lot of the Home Depot USA, Inc., located at 55 Weyman Avenue, New Rochelle, New York 10805 and, more particularly, at the parking lot entrance located adjacent to John Street and, more specifically, at the first right hand turn into the parking lot where an

2

accumulation of snow and ice was permitted to be gathered which melted and froze causing a dangerous and defective condition, she was caused to trip, slip and fall and be violently precipitated to the ground as a result of the carelessness, recklessness and negligence of the defendant thereby causing her to sustain serious, severe and permanent personal injuries.

8.  That the defendant was careless, reckless and negligent in its ownership, operation, management, maintenance and supervision of the aforesaid location; in causing, permitting and allowing said unsafe and icy condition to be, become and remain in a dangerous, defective, improper and unlawful condition; in causing, permitting and allowing the aforesaid location to be, become and remain in an unsafe, slippery, icy and otherwise dangerous condition; in failing to remedy the said dangerous, slippery, icy and unsafe condition then and there existing; in having knowledge and notice of the existence of the dangerous, slippery, icy and unsafe condition existing at said location and failing to remedy and repair the aforementioned dangerous condition then and there existing; in causing, permitting and allowing the aforesaid location to be, become and remain in a dangerous, slippery, icy and unsafe condition which constituted a slipping hazard; in negligently, carelessly

3

and recklessly removing any accumulations of snow and ice at the aforementioned location; in failing to sand, deice or place other abrasive materials within the aforementioned location; in failing to safeguard pedestrians, patrons and the plaintiff, in particular, from the dangers posed by said negligent and careless maintenance of the aforementioned location; in failing to place warning signs, barriers or barricades warning persons entering said location of the dangerous and defective condition existing thereat so as to provide notice of said hazardous condition to the plaintiff and others similarly situated; and in having knowledge and notice that the condition of the aforementioned location was dangerous and hazardous to the life and limbs of persons lawfully walking thereon and in failing to remedy same.

9.    That as a result of the aforesaid occurrence, the plaintiff, TAMMY GREGORY, has sustained serious, severe and permanent personal injuries; has been injured internally and externally, mentally and physically; has been rendered sick, sore, lame and disabled; was required to seek hospital and medical aid and attention in an effort to help cure her of her injuries and will in the future be required to seek further hospital and medical aid and attention; was incapacitated from her usual and customary duties, activities and vocation and unable to

4

jurisdictional limitation of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff, **TAMMY GREGORY**, demands judgment against the defendant on the First Cause of Action in a sum of money that far exceeds the jurisdictional limitations of all lower Courts that would otherwise have jurisdiction, and the plaintiff, **SEAN McKENNA**, demands judgment against the defendant on the Second Cause of Action in a sum of money that far exceeds the jurisdictional limitations of all lower Courts that would otherwise have jurisdiction, together with the cost and disbursements of these action.

Dated:  New York, New York
       June 11, 2008

THOMAS A. CULHANE
CALANO & CULHANE, LLP
Attorneys for the Plaintiffs
370 Lexington Avenue, Suite 1200
New York, New York 10017
Tel. No: (212) 685-3500

6

STATE OF NEW YORK      )
                       ss.:
COUNTY OF NEW YORK  )

The undersigned, an attorney admitted to practice in the Courts of New York State, affirms: affiant is a partner with the firm of CALANO & CULHANE, LLP, the attorneys of record for the plaintiff in the within action; affiant has read the foregoing **COMPLAINT** and knows the contents thereof; the same is true to affiant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and those matters affiant believes to be true. This affirmation is made by affiant and not by plaintiff as plaintiff resides in a County other than the County in which affiant maintains an office.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: information contained in client's file.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
        June 11, 2008

THOMAS A. CULHANE

7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x
TAMMY GREGORY and SEAN McKENNA,

                              Plaintiffs,

          -against-

HD DEVELOPMENT OF MARYLAND, INC.,

                              Defendant.
-----------------------------------------------------------------x


## SUMMONS AND VERIFIED COMPLAINT


# CALANO & CULHANE, LLP
### Attorneys for Plaintiffs

370 Lexington Avenue, Suite 1200
New York, New York 10017
Tel. No: (212) 685-3500
Fax No: (914) 946-6000


SERVICE OF A COPY OF THE
WITHIN IS HEREBY ADMITTED:

Dated:

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 7, 2008, a copy of the within

**RULE 7.1 STATEMENTS** was served upon the following counsel of record by regular

mail in accordance with the Court rules:

Calano & Culhane, LLP.
Attorneys for Plaintiff
370 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 685-3500

_____
Kelly Faherty