**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
TAMMY GREGORY and SEAN McKENNA,

                                               Plaintiff,

        -against-

HD DEVELOPMENT OF MARYLAND, INC.,

                                               Defendant
---------------------------------------------------------------------X

Civil Action No.:
08-CV-7045 (KMK)

**ANSWER**
**WITH JURY DEMAND**

      Defendant **HD DEVELOPMENT OF MARYLAND, INC.** by its attorneys Donovan Hatem LLP, as and for its Answer to the Plaintiffs' Verified Complaint, respectfully states upon information and belief as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Verified Complaint.

      2.    Denies the truth of the allegations contained in paragraph "2" of the Verified Complaint except admits the defendant is a foreign corporation.

      3.    Admits the truth of the allegations contained in paragraph "3" of the Verified Complaint.

      4.    Denies the truth of the allegations contained in paragraph "4" of the Verified Complaint.

      5.    Denies the truth of the allegations contained in paragraph "5" of the Verified Complaint.

      6.    Denies the truth of the allegations contained in paragraph "6" of the Verified Complaint.

7. Denies the truth of the allegations contained in paragraph "7" of the Verified Complaint.

8. Denies the truth of the allegations contained in paragraph "8" of the Verified Complaint.

9. Denies the truth of the allegations contained in paragraph "9" of the Verified Complaint.

10. Denies the truth of the allegations contained in paragraph "10" of the Verified Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

11. The defendant, repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "10" with the same force and effect as if the same were set forth in full herein in response to paragraph "11" of the Verified Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Verified Complaint.

13. Denies the truth of the allegations contained in paragraph "13" of the Verified Complaint.

14. Denies the truth of the allegations contained in paragraph "14" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That any injuries or damages sustained by Plaintiffs, as alleged in the Complaint, were caused in whole or in part by the contributory or comparative negligence and/or

culpable conduct of said Plaintiff and not as a result of any negligence and/or culpable conduct on the part of Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the Complaint fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against Defendant, and must therefore be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the Plaintiffs sustained any damages as alleged in the Complaint, which allegations are expressly denied, then same were sustained because of the negligence and/or culpable conduct of a third party over whom Defendant did not and was not obligated to exercise supervision or control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That in the event Plaintiffs recover a verdict or judgment against Defendant, then said verdict or judgment must be reduced and set off by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs in whole or in part, for any past or future claims, or economic loss, from any collateral source including but not limited to insurance, social security, worker's compensation or employee benefit programs.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The liability of Defendant, if any, to the Plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiffs could have obtained personal jurisdiction with due diligence, as set forth in Article 16 of the CPLR.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiffs, which are expressly denied, were not proximately caused by Defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to join (a) necessary party(ies).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The complaint should be dismissed based on the applicable Statute of Limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Upon information and belief the injuries or damages alleged by Plaintiffs, all of which are expressly denied, were caused by the intervening, interceding and superseding acts of third parties not under the control of Defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, Defendant violated no legal duty owing by it to Plaintiffs.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, Defendant was not guilty of and is not liable for any negligence which was a proximate cause of the alleged damages of which Plaintiffs complain.

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate or otherwise act to lessen or reduce their alleged injuries.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff assumed the risk of his own conduct.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendant had no notice-actual or constructive- of any defect or unsafe condition- the existence of which is expressly denied-which may found to have existed at or about the area in question.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant maintained no presence at the area in question and had no responsibility with respect to the area in question.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant had no custody or control over the area in question and had no responsibility for the condition of the area in question.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendant owed no duty or responsibility to safeguard the Plaintiff and exercised no control over his activities.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

At the time of the alleged incident, the Plaintiff was engaged in activity which he knew to be hazardous in nature and, therefore, the Plaintiff assumed the risk and consequences inherent in such activity.

**WHEREFORE,** Defendant demands judgment:

a. Dismissing the Complaint;

b Awarding costs and expenses of this litigation, including attorneys' fees.

6

Dated:      New York, New York
            August 15, 2008

                                        **DONOVAN HATEM LLP**
                                        *Attorneys for Defendant*
                                        *HD Development of Maryland, Inc.*

                                        *David M. Pollack s/s*
                                        _____
                                        David M. Pollack (DP 6143)
                                        Herald Square Building
                                        1350 Broadway, Suite 2100
                                        New York, New York 10018
                                        Tel: (212) 244-3333

To:   Calano & Culhane, LLP.
      Attorneys for Plaintiff
      370 Lexington Avenue, Suite 1200
      New York, New York 10017
      Tel No.: (212) 685-3500

01169058.DOC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 15, 2008, a copy of the within **Verified Answer with Jury Demand** was served upon the following counsel of record by regular mail in accordance with the Court rules:

    Calano & Culhane, LLP.
    Attorneys for Plaintiff
    370 Lexington Avenue, Suite 1200
    New York, New York 10017

*Kelly B. Faherty*
_____
Kelly Faherty